# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MELISSA K. SCHAUBROECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-3024-SSA-CV-S-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Claimant Melissa Schaubroeck seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. She asserts she became disabled beginning in July 2002 because of high blood pressure; lower and upper back pain; and muscle, disc and nerve damage. Prior to the decision in this case, she added a diagnosis of fibromyalgia. The parties' briefs are fully submitted and oral argument was held on October 3, 2006.

### Standard of Review

The reviewing court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

Substantial evidence is "relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Young v. Apfel, 221 F.3d at 1068. It is more than a scintilla of evidence, McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983),

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

but is less than a preponderance of the evidence.  Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001).  The possibility of drawing inconsistent conclusions from the evidence does not prevent the Commissioner's finding from being supported by substantial evidence.  Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d at 282.  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian, 697 F.2d at 220.

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant.  McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

**Discussion**

Melissa Schaubroeck was born in 1965 and has a tenth-grade education.  She is approximately five feet five or six inches tall and weighs slightly more than 200 pounds.  Her last work experience included several jobs at a grocery store and ended with work as a bookkeeper.  She testified that her employer made accommodations for her because of her health issues and pain.  She lost her job when the store closed, and she received unemployment compensation benefits for a period of time after that.

The Administrative Law Judge (ALJ) found claimant had "mild obesity, and probable degenerative arthritis at L4-L5 and L5-S1, related partly to 2000 laminectomy at L5-S1." (Tr. 21.) The ALJ indicated Schaubroeck had the residual functional capacity to return to her previous work as a grocery store cashier, clerk, assistant manager or bookkeeper. He stated she could work except for "lifting or carrying more than 10 pounds frequently or more than 20 pounds occasionally; doing more than occasional climbing, balancing, stooping, kneeling, crouching, or crawling; or working at unprotected heights or around dangerous moving machinery." (Tr. 21.)

In reaching this determination, the ALJ gave more weight to the opinion of Dr. Ash, a consultant, than to her treating physicians. The ALJ reasoned that the treating physicians relied too heavily on claimant's subjective complaints rather than their objective findings. It is on this basis that claimant challenges the decision denying benefits.

Claimant's medical records document worsening back pain in the region of her laminectomy beginning in July 2003. She was treated conservatively and referred to pain management physicians. A variety of treatments were tried with varying results. In March 2004, Dr. Elam indicated claimant had the residual functional capacity for less than sedentary work because of chronic pain and a need to lie down. In November 2004, Dr. Lampert also completed a form stating claimant had the capacity to do less than sedentary work and would need to lie down twice a day for about 30 minutes each. The records indicate Dr. Elam treated claimant from March through December 2004, and Dr. Lampert treated claimant from August 2003 through December 2004.

Dr. Ash performed a one-time consultive examination of claimant in June 2005 and completed a medical source statement. At the end of the form, Dr. Ash wrote, "Based strictly on objective findings," thus implying that his opinion did not consider her chronic pain or subjective complaints. (Tr. 230.)

The opinion of a treating physician is normally entitled to deference, but the ALJ is not required to defer to such an opinion when it is not internally consistent or it is not supported by acceptable clinical or diagnostic data. Anderson v. Barnhart, 344 F.3d 809, 813 (8th Cir. 2003) (quoting Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)).

3

Case 6:06-cv-03024-WAK   Document 14   Filed 10/10/06   Page 3 of 4

In this case, however, the treating physicians' opinions are not internally inconsistent and do not lack acceptable clinical data. The doctors apparently believed claimant had pain and had a need to lie down during the day because of her pain. They did not find she was malingering or engaged in drug-seeking behavior, and her records indicate narcotic medications did not provide substantial or sustained relief. Her records show worsening post-laminectomy pain, changes on her MRI, a repeated diagnosis of lumbar postlaminectomy syndrome and other diagnosis of back problems. She was treated with steroid injections, nerve blocks, medications and other procedures.

After carefully considering the record as a whole, the court does not find the ALJ's decision was supported by substantial evidence. The ALJ was correct that claimant did not show disability as of her alleged onset date. She did produce evidence, however, that by March 10, 2004, her condition had deteriorated such that she lacked the residual functional capacity to return to her former work or to engage in sedentary work activities. (Tr. 175.)

For these reasons and those set forth more fully in claimant's brief and at oral argument, it is

ORDERED that the decision of the Commissioner is reversed and this case is remanded to the Commissioner for an award of benefits with a disability onset date of March 10, 2004.

Dated this 10th day of October, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge